## Dell et ux. v. Berks County Trust Company et al.

372

Before McCann, P. J., McKenrick and Griffith, JJ.
*Glass & Glass*, for plaintiffs.
*Spence, Custer, Saylor & Wolfe*, for defendants.

McCANN, P. J., June 5, 1950.—Lester H. and Geraldine M. Dell, husband and wife, filed a bill against Berks County Trust Company and John Hill Real Estate to obtain specific performance of a written contract entered into by Berks County Trust Company through John Hill Real Estate as its agent to sell to plaintiffs a property owned by the trust company, known as 720-22-22½ Kennedy Avenue, Johnstown, Cambria County, Pa. Requests for findings of fact and conclusions of law were filed by both parties. The chancellor, treating these requests as suggestions, filed an adjudication wherein he made 20 findings of fact, drew 11 conclusions of law and entered a nisi decree of specific performance against Berks County Trust Company. The bill was dismissed as to John Hill Real Estate.

Defendant Berks County Trust Company filed 34 exceptions. By the first exception, defendant "excepts to the chancellor's admission into evidence of parol testimony of plaintiff tending to modify the terms of the agreement upon which the bill in equity was based". The exception does not quote any testimony which defendant deems inadmissible, or any ruling by the chancellor, but merely designates 12 pages of the transcript

of testimony where testimony defendant contends was not admissible may be found. Equity Rule 69 provides that exceptions filed by a party "must cover all his objections to rulings on evidence", and that "objections not covered by the exceptions filed shall be deemed waived". We think defendant's first exception does not comply with Equity Rule 69, being too general and not in proper form, and might be dismissed for this reason alone.

Counsel for defendant contended at the argument that the parol evidence on the part of plaintiffs had the effect of varying the written contract sued upon and that, as there was no averment of fraud, accident, or mistake in the bill, the oral evidence on the part of plaintiffs was not admissible. The rule that in the absence of an averment of fraud, accident, or mistake parol evidence is inadmissible to vary or add to a written contract is well settled, but we think it has no application in the present case. The written agreement was offered in evidence by plaintiffs without objection by defendant and contains two provisions giving defendant the option to discharge the contract under certain circumstances. Paragraph 10 provides that the contract shall be discharged if defendant received a higher offer for the property prior to the actual execution and delivery of a deed therefor to plaintiffs, but defendant admitted that no such higher offer had been received. Paragraph 11 provides that the contract would be discharged if the sale of the property to plaintiffs were not approved by defendant acting through its trust committee and certain certificate holders, but defendant's agent never submitted the agreement to defendant for approval. Plaintiffs seek to enforce the agreement exactly as it is written. The oral evidence of plaintiffs does not have the effect of varying the written contract in any particular, and no such effect was given to plaintiffs' oral evidence by the chancellor

in his adjudication. The parol evidence on the part of plaintiffs relates to matters independent of the written contract and was offered and received for the purpose of showing the inducement to plaintiffs to enter into the written agreement and to raise an estoppel against defendant from refusing to carry out the agreement because of the neglect of duty on the part of defendant's agent and the bad faith and fraud on the part of the agent in connection with the entire transaction. We are of opinion the parol evidence on the part of plaintiffs was competent and admissible.

By exceptions nos. 3 to 24, both inclusive, defendant excepts to certain findings of fact and conclusions of law by the chancellor, and by exceptions nos. 29 to 33, both inclusive, to the refusal of the chancellor to draw certain conclusions of law requested by defendant. In the adjudication filed by the chancellor he discussed the evidence in detail. The findings of fact made by the chancellor to which defendant has excepted are all supported by the clear weight of the credible competent evidence in the case. The chancellor, in his adjudication, also discussed the law relating to this case at length, referring to legal authorities which we think are controlling and need not be repeated here. The chancellor's findings of fact and conclusions of law cover all the factual and legal issues in the case.

In exceptions nos. 25, 26, 27 and 28, defendant excepts to the chancellor's refusal to find certain facts as requested by defendant. If these exceptions had contained an averment as required by Equity Rule 71 that the chancellor's adjudication fails to make substantial disposition of requests for findings of fact, we would have been required to answer each of them specifically: Massachusetts Bonding & Insurance Company v. Johnston & Harder, Inc., et al., 340 Pa. 253. As no such averment has been made, a specific answer to these

exceptions is not required: Strosser v. Strosser, 49 Lanc. 144.

What has been said sufficiently disposes of the second exception, wherein defendant "excepts to the chancellor's refusal of defendant's oral motion to dismiss plaintiffs' bill following the close of plaintiffs' testimony", as well as the thirty-fourth exception wherein defendant excepts to the decree nisi entered by the chancellor.

We, therefore, enter the following

### Decree

And now, June 5, 1950, after argument and upon due consideration, all of the exceptions filed by defendant Berks County Trust Company are dismissed, and the decree nisi is affirmed and is here entered as the final decree in the above stated case.